HENRY W. FULLER, Plaintiff in Error, *v.* THOMAS P. ROBB, impleaded with Joseph W. Tinkham *et al.*, Defendants in Error.

### ERROR TO COOK.

A party may reverse a judgment in his favor on error.

In assumpsit a party must recover against all or none, unless some of the defendants make a personal defense, such as lunacy, infancy or bankruptcy.

Where several are sued, and judgment is recovered against a part only, if the judgment is set aside, it should be set aside as to all.

THIS declaration complains of Joseph W. Tinkham, Thomas P. Robb, and Henry Payson, defendants, as makers of a promissory note, signed J. W. Tinkham & Co.

Writ served on Joseph W. Tinkham, and Thomas P. Robb, Henry Payson "not found."

At the October term of the Circuit Court, 1857, default was entered against Joseph W. Tinkham, and Thomas P. Robb, concluding as follows : " Wherefore said plaintiff ought to have and recover of defendants, Joseph W. Tinkham and Thomas P. Robb, impleaded with Henry Payson, his damages herein sustained by reason of the premises, and therefore a reference is had to the court to assess the same herein hereafter."

At the November term of said court, damages were assessed, and judgment was entered on the assessment.

At the same term a motion to set aside judgment and default was filed on behalf of Robb, which was sustained, and leave was given to defendant Robb to plead over on payment of costs.

Robb filed pleas—" general issue," and the following special plea :

" And for a further plea, etc., *actio non*, because he says that he never, on any occasion, time or place, made the said promissory note in the said plaintiff's declaration mentioned, " J. W. Tinkham & Co.," nor did he promise, jointly and severally, by the name, style and description of " J. W. Tinkham & Co.," to pay the sum of money mentioned in said promissory note, to one Joseph Kellogg, nor did he ever, directly or indirectly, authorize the making of any such note as therein described. And the said defendant Robb further avers, that on no occasion was he ever a copartner of the said Joseph W. Tinkham, and that no relationship of the kind whatever ever subsisted between them, the said defendant, and said Tinkham, expressly or by implication, and that he had no knowledge of the existence of said note until this action was brought, nor has he any knowledge of the consideration thereof, and positively

denies the execution of the same in manner and form as in said plaintiff's declaration is alleged; and this the said defendant is ready to verify. Wherefore, etc.

Affidavit of the truth of the special plea annexed thereto, and affidavit of merits.

A similiter to general issue was added by plaintiff, and replication to special plea, as follows:

"And the said plaintiff, by his attorneys, Dow & Fuller, as to the said plea of the said defendant, Thomas P. Robb, impleaded, etc., by him secondly above pleaded, says, that he, the said plaintiff, by reason of anything by the said defendant in that plea alleged, ought not to be barred from having and maintaining his aforesaid action thereof against him, the said defendant Thomas P. Robb, impleaded, etc., because, he says, that the said defendant Robb did, on the occasion, time and place in said declaration mentioned, make the said promissory note in the said plaintiff's said declaration mentioned, in manner and form as therein alleged, and did promise, then and there, jointly and severally, by the name, style and description of J. W. Tinkham & Co., to pay the sum of money mentioned in said promissory note to the said Joseph Kellogg, and did authorize the making of the said note in said declaration described. And the said plaintiff further replying, avers, that the said defendant Robb was a copartner of the said Joseph W. Tinkham, and that a relationship of that kind did subsist between the said defendant Robb and said Tinkham, and that said Robb well knew the existence of said note at the time of the making thereof, and long before and up to and until the bringing of this action, and that the said defendant Robb did execute the said promissory note in said declaration mentioned, in manner and form as in said plaintiff's declaration is alleged," etc.

A trial was had on these issues.

A verdict was returned as follows: "We, the jury, find the issue for the defendant."

Motion for a new trial was overruled and judgment on verdict, that said defendants recover their costs, etc.

At the same term at which the verdict was rendered, the plaintiff filed his motion for leave to file motion in arrest of judgment *nunc pro tunc*, as of the 6th day of December, A. D. 1859. Which motion for leave, etc., the court overruled, and refused to grant leave for that purpose, and the plaintiff excepted. The plaintiff thereupon, on the 31st day of December, A. D. 1859, being one of the days of the November term, 1859, of the court, filed his motion in arrest of judgment, which the court refused to entertain, and denied the same, on the ground that the motion for a new trial had been overruled and judg-

ment entered on the verdict. And the plaintiff excepted to the denial of said last mentioned motion.

The errors assigned are :

That the court erred in refusing to allow the plaintiff below to file his motion in arrest *nunc pro tunc.*

That the court erred in refusing to entertain and in denying the motion in arrest of judgment when made by plaintiff below.

That the issue tried was an immaterial one, and judgment should have been arrested.

That the court erred in setting aside the default against said defendant below, Thomas P. Robb, after the lapse of the term at which the said default was entered.

That the verdict was against the law and the evidence.

That the court erred in overruling the motion for a new trial of the plaintiff below, and in entering judgment for defendants.

That the court erred in setting the judgment against defendants, Tinkham and Robb, aside as to Robb and not as to Tinkham.

That the record discloses a final judgment for $1,796.20 against defendant Tinkham and in favor of plaintiff below in 1857, and a final judgment for costs in favor of said defendants, and against the plaintiff in 1859.

MELVILLE W. FULLER, and SAMUEL K. DOW, for Plaintiff in Error.

W. T. BURGESS, for Defendant in Error.

CATON, C. J. In an action of assumpsit against several, the plaintiff must recover against all or none, unless some of the defendants make a personal defense, as infancy, lunacy or bankruptcy. Here, after judgment had been entered against both defendants, on the application of Robb, the court set aside the judgment as to him alone, to let in a general defense, and upon a trial of the issues which he presented he obtained a verdict and judgment, leaving the judgment still in force as to Tinkham. The court should have set aside the judgment as to both defendants, and then a successful defense by either would have entitled both to judgment. As Tinkham has a right within five years to bring the record here and obtain a reversal, so may the plaintiff bring it here and obtain a reversal for an error committed on the motion of one of the defendants.

The judgment as to both defendants must be reversed, and the cause remanded, with leave to the defendants to plead anew.

*Judgment reversed.*