(No. 11967.—Judgment affirmed.)

HENRY A. FOWLER, Admr., Defendant in Error, *vs.* THE CHICAGO RAILWAYS COMPANY, Plaintiff in Error.

*Opinion filed October 21, 1918.*

1. NEGLIGENCE—*when a person injured by defect in pavement may sue street railway.* Where a street railway company, by the ordinance granting it street privileges, has agreed to keep a portion of the street in repair, one who is injured by the failure of the company to make repairs may, in order to avoid circuity of action, maintain a suit for damages against the company directly.

2. SAME—*when directing verdict in favor of city does not release street railway company.* Where a street railway company has assumed the duty of keeping a portion of a street in repair as part consideration for the grant of its privileges, its liability for its own failure to make repairs does not rest on the doctrine of *respondeat superior,* and the fact that a verdict of not guilty is directed in favor of the city, which was joined with the company in an action for damages, does not relieve the company from liability.

3. SAME—*what matters are questions of fact and not of law.* Whether the position taken on a load of. lumber by the driver of the wagon was one which an ordinarily prudent person would not have chosen, whether he should have seen the hole in the street and avoided it, and whether the hole was of sufficient depth to render the street railway company liable to a charge of negligence for failing to fill it, are questions of fact for the jury.

4. SAME—*proof of custom is some evidence on question of negligence.* Where the question is whether the driver of a load of lumber was guilty of contributory negligence in preparing his seat on the load in a particular manner, a witness who has been in the teaming business many years and experienced in hauling lumber may testify that the seat was arranged in the usual way, as such testimony is some evidence as to whether the method was negligent.

5. SAME—*what element need not be included in instruction as to the credibility of witnesses.* While the element of the number of witnesses testifying is one to be included in an instruction on the question of the preponderance of the evidence, yet it need not be included in an instruction as to the credibility of witnesses.

WRIT OF ERROR to the Second Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

J. R. GUILLIAMS, and FRANK L. KRIETE, (W. W. GURLEY, and THOMAS J. SYMMES, of counsel,) for plaintiff in error.

WILEY W. MILLS, HENRIETTA KRIGHEL, and MORRIS J. DREZNER, (FREDERIC R. DEYOUNG, and WILLIAM H. HOLLEY, of counsel,) for defendant in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

Henry A. Fowler, as administrator of the estate of Edward S. Allen, deceased, brought an action on the case in the circuit court of Cook county against the Chicago Railways Company, plaintiff in error, and the city of Chicago, to recover damages sustained by Allen's next of kin by reason of his death, which, it was alleged, was occasioned by the negligence of plaintiff in error and the city of Chicago in failing to repair a street in the city of Chicago. A trial before a jury resulted in the court directing a verdict in favor of the city of Chicago and the return of a verdict for $3500, upon the evidence, against plaintiff in error, the Chicago Railways Company. After overruling a motion for a new trial and a motion in arrest of judgment the court rendered judgment for $3500 upon the verdict against plaintiff in error. Plaintiff in error appealed to the Appellate Court for the First District, and the judgment of the circuit court was there affirmed. It then petitioned this court for a writ of *certiorari,* which was allowed, and the record has been brought here for review.

On June 24, 1913, Edward S. Allen, defendant in error's intestate, was in the employ of John Butler as a teamster. While driving north on Halsted street, in the city of Chicago, on a load of lumber, one of the front wheels of his wagon dropped into a hole or depression in the street pavement, throwing Allen from the load of lumber on which he was riding to the pavement and causing his death. The hole or depression in the pavement was between the rails

of the double-track line of street railway operated by plaintiff in error on Halsted street, and the liability of plaintiff in error, if any, is based on the following provision of the franchise ordinance under which it was operating its street railway on that street:

"The company, as respects filling, grading, paving, keeping in repair, sweeping, sprinkling, keeping clean or otherwise improving the streets or parts of streets occupied by its ·railway, shall fill, grade, pave, keep in repair, sweep, sprinkle and keep clean and free from snow eight (8) feet in width of all streets and public ways, or portions thereof, occupied by it with a single-track railway, and sixteen (16) feet in width of all streets and public ways, or portions thereof, occupied by it with a double-track railway."

Plaintiff in error first contends that the circuit court erred in refusing to instruct the jury to find it not guilty, because its obligation, if any, to repair that portion of the street where the injury occurred arose merely from its contract with the city, and did not render it liable in a direct suit by the person injured by reason of the failure of the plaintiff in error to keep that portion of the street in repair. While this exact question has not been heretofore presented to this court for decision, the principle involved has been recognized in cases involving the question whether a suit can be brought directly against a landlord by reason of the fact that he has by contract agreed with the tenant to keep the demised premises in repair. Thus, in *Gridley* v. *City of Bloomington,* 68 Ill. 47, it was said: "The general rule is, that the occupant, and not the owner as such, is responsible for injuries received in consequence of a failure to keep the premises occupied in repair. [Citing authorities.] To this general rule the authorities recognize these exceptions: (1) Where the landlord has, by an express agreement between the tenant and himself, agreed to keep the premises in repair, so that in case of a recovery against the tenant he would have his remedy over; then, to avoid cir-

cuity of action, the party injured by the defect and want of repair may have his action, in the first instance, against the landlord," etc. To the same effect are *Boyce* v. *Tallerman,* 183 Ill. 115, and *West Chicago Masonic Ass'n* v. *Cohn,* 192 id. 210. Upon the same line of reasoning, while the duty to keep the streets of a city in repair is imposed by law upon the city, where a street railway, in consideration of a license to construct and operate its road on a public street, has agreed with the city to keep the street in repair, any person sustaining damage by reason of the failure of the street railway to keep the street in repair may, in order to avoid circuity of action, maintain a suit directly against the street railway for the damages occasioned thereby; and such is the holding in other jurisdictions where the question has been presented. *City of Brooklyn* v. *Brooklyn City Railroad Co.* 47 N. Y. 475; *McMahon* v. *Second Avenue Railroad Co.* 75 id. 231; *Ober* v. *Crescent City Railroad Co.* 44 La. Ann. 1059; *Jenree* v. *Metropolitan Street Railway Co.* 86 Kan. 479.

It is also contended that the verdict of not guilty directed by the trial court as to the city of Chicago established, as a matter of law, that plaintiff in error was not guilty of the negligence charged against it, and that the court should, therefore, have directed a verdict in its favor. This contention is based upon a line of cases holding that where an action on the case is brought against two defendants and one of them is liable only on account of the rule of *respondeat superior,* for the negligence of the other, if the latter is found not guilty such finding is necessarily a complete bar to the action against the former. (*Hayes* v. *Chicago Telephone Co.* 218 Ill. 414.) In this case, however, plaintiff in error's liability does not arise on account of the rule of *respondeat superior.* Its liability results from its own failure to keep the street in repair and not because the city of Chicago also failed in that respect. Plaintiff in error can derive no benefit from, nor can it complain

of, the action of the trial court in directing the jury to find the city of Chicago not guilty.

Plaintiff in error also urges that the hole or depression in the street was not of sufficient depth or size to render it liable to the charge of negligence for failing to fill or repair the same. The evidence tended to show that the hole in the street into which the front wheel of the wagon dropped was three inches deep. We cannot say that all reasonable minds would agree that such a defect in a street is one from which danger could not be reasonably anticipated. The question was therefore one properly submitted to the jury.

Plaintiff in error further contends that the court should have directed a verdict in its favor because the evidence fails to show that Allen was in the exercise of ordinary care at the time of the accident. Whether Allen, in the exercise of ordinary care, should have seen the hole in the street and have driven his wagon on another part of the street, and whether his position on the load of lumber was one which an ordinarily prudent person would not have taken, were questions of fact, and not of law, under the evidence in this case.

The circuit court did not err in refusing to give the peremptory instruction offered by plaintiff in error.

The proof shows that Allen, in loading the lumber, had arranged a seat, on which he was riding at the time of the accident, by extending two layers of boards out a distance of about two feet in front of the remainder of the load. This seat was located above the horses' backs and about two feet below the top of the load. No foot-rest was provided for the driver. One of the defenses made by plaintiff in error was that Allen was guilty of contributory negligence in riding on this seat. John Butler, for whom Allen was working at the time of the accident, was called as a witness by defendant in error. Upon his direct examination he testified that he had been in the teaming business since 1893

and as a part of that business had been hauling considerable lumber during the last six or seven years. He was asked by defendant in error's attorney: "The way in which the seat for the driver was prepared, was that, if you know, a usual and customary way that haulers of lumber arrange the driver's seat?" to which he replied, "Yes; they always put it on——" and was interrupted with an objection interposed by the attorney for plaintiff in error, who also moved to strike out the answer. The objection was overruled and the motion to strike was denied. Plaintiff in error contends that the court erred in refusing to strike out the answer of the witness, because evidence of a custom is not competent upon the issues of negligence and contributory negligence. The evidence was competent, and the court did not err in its ruling. In *Campbell* v. *Chicago, Rock Island and Pacific Railway Co.* 243 Ill. 620, we said: "It is true that negligent acts do not cease to be negligent because they are frequent, but proof of a customary method of doing an act by those who are frequently and habitually required to perform it is some evidence as to whether the method is or is not negligent."

The witness Butler was also asked upon his direct examination, "What can you say with regard to Mr. Allen's experience as a driver and his skill as a driver, or lack of it?" Plaintiff in error objected to the question. The court overruled the objection and remarked to the witness, "How about that? Was he a good driver?" to which the witness replied, "Yes, sir; he was a good lumberman." Plaintiff in error contends that this evidence was improperly admitted because it amounted to proof of the habits of the deceased as to care, and that, there having been eye-witnesses to the accident, such proof was incompetent. Proof of a person's experience or skill along a certain line does not tend to prove his habits as to care. Such proof, if it had any effect upon the issue of due care, would most probably be beneficial to the plaintiff in error, because the jury

would naturally exact a higher degree of care from a skilled and experienced man than from one unskilled and unexperienced.

Other rulings of the court upon the admission of evidence are called to our attention, but we do not deem them of sufficient importance to warrant any specific reference thereto in this opinion. It is sufficient to say that there was no prejudicial error in any of the rulings of the court upon the admission of evidence.

The court, on behalf of defendant in error, gave an instruction upon the credibility of witnesses which plaintiff in error treats as an instruction upon the weight of the evidence, and it criticises the instruction because, in enumerating certain elements which the jury were told by the instruction they had a right to consider in determining the credibility of the witnesses, the element of the number of witnesses was omitted. The instructions condemned in *Elgin, Joliet and Eastern Railway Co.* v. *Lawlor,* 229 Ill. 621, and *Lyons* v. *Ryerson & Son,* 242 id. 409, upon which the plaintiff in error relies, were instructions dealing with the question of preponderance of the evidence and not with the question of the credibility of witnesses, and what was said in those cases is not applicable here. While the instruction given in this case did not include all the elements which might be taken into consideration by the jury in determining the credibility of witnesses, this omission could not have the prejudicial effect that the giving of an instruction would have which omitted to enumerate the number of witnesses as one of the elements to be considered in determining the weight or preponderance of the evidence.

Plaintiff in error offered an instruction which would have advised the jury that it could only be held liable for, a defect in its right of way in a street if the defect is such a one as would make the city of Chicago liable. The court properly refused this instruction because it was argumentative, and for the further reason that, inasmuch as the court

had just previously instructed the jury to find the city not guilty, the giving of this instruction would have misled the jury and might have resulted in the jury finding plaintiff in error not guilty merely because the court had instructed them to return a verdict finding the city not guilty. Another instruction offered by plaintiff in error and refused by the court, of which complaint is made, was subject to the same objection.

Complaint is made of the refusal of other instructions offered by plaintiff in error. We have examined these instructions in connection with the given instructions, and are of the opinion that the jury were fairly instructed upon all the issues involved and that no substantial or reversible error was committed in refusing to give those instructions offered by plaintiff in error which were not given.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*