(No. 27102.—Reversed and remanded.)

T. C. FREDRICH, Appellant, *vs.* CHARLES J. WOLF *et al.*— (EDMUND J. THIELE, Exr., Appellee.)

*Opinion filed September 24, 1943.*

WILSON, J., dissenting.

HARRY A. BIOSSAT, for appellant.

BECKMAN, HEALY, REID & HOUGH, for appellee.

Mr. JUSTICE MURPHY delivered the opinion of the court:

On February 10, 1933, the receiver of the Brookfield State Bank obtained a judgment in the superior court of Cook county against Charles J. Wolf and Margaret Thiele for $6660.83. Margaret Thiele died December 30, 1935, and letters testamentary were issued to Edmund J. Thiele. For the purpose of making a motion to vacate this judgment as to the estate, the executor was substituted as a defendant, and May 18, 1939, his motion to set the judgment aside was filed. It was stated in the supporting affidavit that he had no knowledge of the existence of the judgment until about April 15, 1939. Plaintiff became the holder of the judgment by assignment from the receiver of the bank the day after the motion was filed. He did not file any counter affidavits and his only pleading was his petition for leave to appear as plaintiff. Defendant's pleadings consisted of his motion to vacate and his supporting affidavit, in which he averred that the name Margaret Thiele appearing on the judgment note was not her true and genuine signature. In this state of the pleadings the cause proceeded to a hearing before the court without a jury. The order entered contained no reference to Wolf's liability on the judgment but was limited to setting the judgment aside and dismissing the cause as to the estate of Margaret Thiele and the defendant executor. The Ap-

pellate Court affirmed this order (316 Ill. App. 672) and leave to appeal to this court was granted.

On the hearing plaintiff called defendant Charles J. Wolf and stated he was being called as an adverse party under section 60 of the Civil Practice Act. Wolf identified his own signature and stated he had written the name Margaret Thiele on the note. The court sustained defendant-executor's objection to Wolf's competency to testify and thereupon plaintiff made an offer of proof to show by Wolf that Margaret Thiele had given him verbal directions to sign her name to the note and that he had written her name thereon pursuant to such authority. No other evidence was introduced and the order vacating the judgment was entered.

The only question argued on this appeal is as to Wolf's competency to testify to having received verbal authority from Margaret Thiele to sign her name on the note. If Wolf signed Mrs. Thiele's name pursuant to verbal authority, then as to such act he was her agent. It is well settled that where the existence of an agency is an issue in a case, where the alleged principal is a party, the mere statements of the agent made out of the presence of the principal and not subsequently approved by him are not admissible to establish the existence of such relationship. (*Proctor* v. *Tows,* 115 Ill. 138; *Mullanphy Savings Bank* v. *Schott,* 135 Ill. 655.) This is in recognition of the rule that the principal is the source of power and that the agent's authority can only be proved by tracing it to that source in some word or act of the alleged principal. (*Merchants' National Bank* v. *Nichols & Shepard Co.* 223 Ill. 41.) But this principle which bars the admission of the agent's statement is not to be confused with the rule which permits an alleged agent to be called as a witness for the purpose of establishing the existence of an agency. *Albers* v. *Zimmerman,* 376 Ill. 306; *Pittsburgh, Cincinnati, Chicago and*

*St. Louis Railway Co.* v. *Gage,* 286 Ill. 213; *Thayer* v. *Meeker,* 86 Ill. 470.

Wolf's competency to testify to the matters in question is to be determined by the applicability of section 2 of the Evidence Act. It provides that no party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify of his own motion or in his own behalf by virtue of section 1 of the act when any adverse party sues or defends in a representative capacity, such as the executor of a deceased person, except when called as witness by such adverse party, and unless the facts bring the case within one of the five exceptions noted in the section. It is not claimed that any of the exceptions have application to the facts in this case.

Plaintiff contends (a) that since the order vacating the judgment was limited to the estate of Margaret Thiele and did not vacate it as to Wolf, therefore, the judgment as to him remains in full force and effect, his liability on the note is adjudicated and fixed by the prior judgment and, therefore, he is not a party to this proceeding within the meaning of section 2, and (b), on the same premises, that he is not a "person directly interested" in the outcome of the instant proceeding.

The judgment entered against Wolf and Margaret Thiele was a unit as to both defendants. The power of attorney which authorized the confession of the judgment was joint. The rule has been long established that if a judgment entered as a unit against two or more defendants is so defective as to necessitate its vacation as to one defendant, it must be set aside as to all. (*Claflin* v. *Dunne,* 129 Ill. 241.) Plaintiff concedes this principle of law but refers to section 50 of the Civil Practice Act as authorizing a procedure of severing a judgment as to two or more defendants. Section 50 provides for the entry of a judg-

ment for or against one or more of several plaintiffs and for or against one or more of several defendants, but there is no authority in that section which authorizes the setting aside of a unit judgment as to one defendant and permitting it to stand as to another. There is nothing in section 50 or any of the other provisions of the Civil Practice Act to which our attention has been called that permits the separation of a unit judgment in the manner contended for by plaintiff. After a judgment has been set aside and a new trial granted, separate judgments may then be entered against the several defendants pursuant to section 50, but when it has been entered as a unit to all the defendants, it stands or falls as to all.

The order vacating the judgment was erroneous in that it did not set it aside as to both defendants. Under such circumstances, Wolf's liability on the note is not adjudicated. He was a party to the suit within the meaning of section 2 of the Evidence Act. He was also interested in the outcome of the litigation, for he was a party to the suit with a claimed liability pending against him. He is not only interested in having the estate share the obligation of payment of any judgment that may be entered, but he is interested in protecting himself in the signing of Margaret Thiele's name to the note. Without authority to sign her name, which he is evidently willing to testify he possessed, his act was tortious and liabilities other than the financial obligation on the note would arise.

Plaintiff also contends that the statute is not applicable for the reason that Wolf was called as a witness by him as an adverse party under section 60 of the Civil Practice Act, and was not testifying on his own motion or in his own behalf. Whether Wolf testified to the facts included in the offer as a witness in his own behalf or when called by plaintiff as an adverse party under section 60, the possibilities of opening the door to fraudulent claims against estates of deceased persons is the same. The intent and

purpose of the statute was to protect estates of deceased persons against such possibilities and its purpose should not be defeated by a too restricted application.

The ruling of the trial court on Wolf's competency to testify and its affirmance by the Appellate Court was correct but since the order vacating the judgment should have vacated it as to Wolf, the cause will have to be remanded for further proceedings in accordance with the views expressed.

*Reversed and remanded, with directions.*

Mr. JUSTICE WILSON, dissenting.