(No. 27975.— )
FRED J. BROWN, Appellee, *vs.* JOSEPH ZAUBAWKY *et al.*—
(MARCIONA ZAUBAWKY, Appellant.)

*Opinion filed November 22, 1944.*

JOSEPH A. RICKER, (G. A. BURESH, of counsel,) both of Chicago, for appellant.

Z. H. KADOW, of Chicago, for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

October 1, 1941, appellee, Fred J. Brown, obtained a judgment by default in the sum of $5400 in the circuit court of Cook county against Joseph Zaubawky and Marciona Zaubawky. The sheriff's return showed process of summons served August 18, 1941. In March, 1942, appellant, Marciona Zaubawky, and her husband, Joseph, filed their joint and several motion in the nature of a writ of error *coram nobis* to vacate the judgment rendered against them. An answer was filed to the motion, and after hearing evidence the circuit court entered an order setting aside and vacating the judgment as to the defendant Joseph Zaubawky, but denied the motion to set aside and vacate the judgment as to Marciona Zaubawky. No appeal was

taken or further action had upon the judgment and order of the court setting aside the judgment as to Joseph Zaubawky. Marciona Zaubawky appealed to the Appellate Court for the First District where the judgment of the circuit court was affirmed. We have allowed the petition of Marciona Zaubawky to appeal to this court.

The Appellate Court disposed of the controversy as though the only question were the sufficiency of the evidence offered by appellant to justify the judgment of the circuit court. The appellant, however, in the Appellate Court and in this court urges that since there was one joint judgment against Joseph Zaubawky and Marciona Zaubawky, and the court having allowed the writ of error *coram nobis* as to Joseph Zaubawky, because of insufficiency in the process rendering the judgment as to him void, it necessarily committed error because it did not likewise set aside the judgment as to appellant without regard to whether sufficient cause otherwise existed to set aside the judgment as to her.

We think the position of appellant is well taken. We have held as recently as *Fredrich* v. *Wolf*, 383 Ill. 638, that where a judgment is entered as a unit against two or more defendants, and is so defective as to necessitate its vacation as to one defendant, it must be set aside as to all, following the rule of *Claflin* v. *Dunne*, 129 Ill. 241. In the *Fredrich* case it was urged that since the order vacating the judgment was limited to one of the parties it was not vacated as to the other party, and remained in full force and effect as an adjudication. As pointed out, we held otherwise, and also held there was nothing in section 50, or in any of the provisions of the Civil Practice Act, which permits the separation of a unit judgment which is void as to one or more of the parties. Almost an identical situation exists here as existed in *Fredrich* v. *Wolf*. The judgment was held void as to defendant Joseph Zaubawky on *coram nobis*, and was not appealed from.

It remains final. The judgment affected by the *còram nobis* order was a unit judgment against him and against appellant, Marciona Zaubawky, and, under the rule just announced, if the judgment was void or should be vacated as to one it should be vacated as to the other.

The judgments of the Appellate Court for the First District and of the circuit court of Cook county are reversed and the cause remanded to the circuit court, with directions to vacate the judgment against appellant and proceed in a manner not inconsistent with the views herein expressed.

*Reversed and remanded, with directions.*