(No. 32983.—

WALTER CHMIELEWSKI, Appellee, *vs.* MARTIN MARICH *et al.*—(FRANK FARA *et al.*, Appellants.)

*Opinion filed March 17, 1954—Rehearing denied May 19, 1954.*

ROSENBERG & ORANSKY, (JAMES E. HASTINGS, of counsel,) both of Chicago, for appellants.

WACHOWSKI & WACHOWSKI, of Chicago, (CASIMIR R. WACHOWSKI, and WILLIAM M. DAEMICKE, of counsel,) for appellee.

Mr. CHIEF JUSTICE SCHAEFER delivered the opinion of the court:

The plaintiff brought this action under section 14 of article VI of the Liquor Control Act, (Ill. Rev. Stat. 1953, chap. 43, par. 135,) against Emil Fako, Terrence Kennedy, Martin Marich, Frank Fara, and Julia Fara to recover damages for personal injuries sustained in an assault upon him by Fako and Kennedy, who were alleged to have become intoxicated from liquor obtained in a tavern owned by Marich. The Faras were alleged to be the owners of the premises on which the tavern was located. All the defendants were served with process but none appeared. A default judgment for $15,000 was entered against all of them except Kennedy.

Thereafter Frank and Julia Fara each filed a motion under section 72 of the Civil Practice Act, (Ill. Rev. Stat. 1953, chap. 110, par. 196,) asking that the judgment

against them be set aside. Frank Fara denied that he was an owner of the premises. He also alleged that upon being served he had immediately given the summons to the insurance brokers from whom Julia Fara had obtained a policy protecting against liability under the Liquor Control Act, and that they had advised him that they would take care of the matter. Julia Fara, while admitting ownership, made like allegations of the delivery of her summons to the brokers. She also alleged that Frank Fara had later informed her that the matter had been taken care of. Both motions were denied.

A similar motion was subsequently filed by the defendant Fako to set the judgment aside as to him on the ground that he was a minor and that no guardian *ad litem* had been appointed to represent him. The court granted Fako's motion and vacated the judgment as to him. Thereafter, upon the petition of Frank and Julia Fara, the court entered an order vacating the judgment as to all the defendants in the case.

On appeal the Appellate Court affirmed as to Fako, but reversed so far as judgment as to the other defendants was set aside. (*Chmielewski* v. *Marich,* 350 Ill. App. 379.) From this decision Frank and Julia Fara filed a petition for leave to appeal to this court, contending that the trial court, upon vacating the judgment as to one defendant, was compelled as a matter of law to set it aside as to all the other defendants. The petition was allowed because an apparent inconsistency in our decisions had given rise to doubt as to the powers of trial and reviewing courts with respect to judgments entered jointly against more than one defendant.

The case for reversal rests on the common-law view which regarded a judgment against joint defendants as an "entirety" which must stand or fall as a "unit," whether the liability which gave rise to the judgment was joint, or joint and several. In accordance with that view it has

been held in this State that a judgment against two or more defendants, whether in contract or tort, was indivisible, and could neither be vacated by a trial court nor reversed by a reviewing court as to one defendant alone, even though it was not erroneous as to the others. See *Fuller* v. *Robb,* 26 Ill. 246; *Jansen* v. *Varnum,* 89 Ill. 100; *Claflin* v. *Dunne,* 129 Ill. 241; *Seymour* v. *Richardson Fueling Co.* 205 Ill. 77; *South Side Elevated Railroad Co.* v. *Nesvig,* 214 Ill. 463.

The arbitrary and inflexible character of the common-law unit-judgment rule is, of course, at odds with the more discerning treatment otherwise accorded joint tortfeasors. Every joint tortfeasor is liable for all damages to which his conduct has contributed, and it is no defense that these damages would not have occurred without the concurring misconduct of another person. (*Siegel, Cooper & Co.* v. *Trcka,* 218 Ill. 559.) As a result the plaintiff need not join all the tortfeasors as defendants (*Lasher* v. *Littell,* 202 Ill. 551; *Village of Carterville* v. *Cook,* 129 Ill. 152,) and if he does sue more than one in the same action, he may, after a favorable verdict against all, dismiss the action as to one and take judgment against the others alone. (*Postal Telegraph-Cable Co.* v. *Likes,* 225 Ill. 249.) The jury may properly return a verdict in favor of one tortfeasor and against another, (*Republic Iron and Steel Co.* v. *Lee,* 227 Ill. 246, 254,) or the court may direct a verdict in favor of one codefendant and let the case against the other go to the jury, which may thereupon return a verdict against the latter. (*Humason* v. *Michigan Central Railroad Co.* 259 Ill. 462; *Fowler* v. *Chicago Railways Co.* 285 Ill. 196.) If a verdict is returned against two defendants, the court may grant a new trial as to one of them only. (*Illinois Central Railroad Co.* v. *Foulks,* 191 Ill. 57.) Even under the Practice Act of 1907, this court, in *Livak* v. *Chicago and Erie Railroad Co.* 299 Ill. 218, 226, had pointed out that the contrary rule, followed in many States, "is

proper and more in harmony with justice and economy in the disposition of law suits," although in that case a majority of the court nevertheless adhered to the common-law rule.

Since the *Livak case* was decided in 1921, the enactment of the Civil Practice Act in 1933 has brought about a distinct change in attitude toward the decision of procedural questions, and has substantially altered the pertinent statutory provisions. Section 4 of that statute enjoins a liberal construction "to the end that controversies may be speedily and finally determined according to the substantive rights of the parties." Section 50 provides: "(1) Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; * * * and when an action or counterclaim is sustained in favor of, or against, only a part of the parties thereto, judgment may be rendered in favor of or against such parties respectively at any stage of the proceedings. But an unsatisfied judgment against one, or some, of several joint contractors, shall not discharge the other joint contractors from liability on the contract. The court shall control the proceedings so that the plaintiff shall receive but one satisfaction. A writ of execution may issue upon one or more judgments rendered in the same cause. Judgment may be entered in such form as may be required by the nature of the case and by the recovery or relief awarded, and more than one judgment may be rendered in the same cause. (2) Any party aggrieved by any such judgment may have a review thereof as herein provided, even though said cause remains undisposed of as to other parties." Section 92(1)(e) authorizes this court and the Appellate Courts to "Give any judgment and make any order which ought to have been given or made, and make such other and further orders and grant such relief, including a remandment, a partial reversal, the

order of a partial new trial, * * * as the case may require." Ill. Rev. Stat. 1953, chap. 110, pars. 128, 174, 216.

After these statutory changes the common-law rule again came before the court in *Minnis* v. *Friend,* 360 Ill. 328. In that case Minnis had recovered a judgment against Friend and the city of Chicago for personal injuries resulting from the concurrent negligence of the defendants. On appeal we reversed the judgment as to the city because of a failure to give it proper notice of the action, but we held that this did not require that the judgment also be reversed as to Friend. The *Minnis* decision was followed in *Crane* v. *Railway Express Agency, Inc.* 369 Ill. 110. The appellants argue, however, that the *Minnis case* considered only the power of a reviewing court to order a partial reversal, and did not alter the common-law rule to the extent that it forbade partial vacation in the trial court. And in support of that view of the *Minnis case,* they point out that since its decision we have applied the common-law rule in our decisions in *Fredrich* v. *Wolf,* 383 Ill. 638; *Gray* v. *First Nat. Bank,* 388 Ill. 124, and *Brown* v. *Zaubawky,* 388 Ill. 351.

It is true that the precise issue before the court in *Minnis* v. *Friend* was only whether an appellate court might order a partial reversal. The opinion, however, makes it clear that the court did not limit itself to that point alone, but rejected the entire common-law rule. The court expressly rejected the suggestion that its decision be rested upon the powers of reviewing courts under section 92. On the contrary, the court said: "There is no substantial reason to impel us to adhere to the common law rule that a judgment is a unit where it is clear that no right of action existed, as a matter of law, against one defendant, * * * but a cause of action is proved against the other defendant, * * *. In addition, section 4 of the Civil Practice Act provides that the act shall be liberally con-

strued, to the end that controversies may be speedily and finally determined according to the substantive rights of the parties. * * * We hold that under the Civil Practice Act the judgment is not a unit, but is divisible." 360 Ill. 328, 341, 342.

Following the *Minnis case,* however, there came the cases relied upon by appellants as limiting or qualifying that decision. The first of these was *Fredrich* v. *Wolf,* 383 Ill. 638, an action on a note against two defendants, Thiele and Wolf. Judgment was confessed by both of them under a joint warrant of attorney, but subsequently a motion to vacate the judgment as to Thiele was allowed on the ground that she had not signed the note. The Appellate Court affirmed. The issue on appeal was whether testimony by Wolf had been properly excluded on the ground that he was a person directly interested in the outcome of the proceeding under section 2 of the Evidence Act. (Ill. Rev. Stat. 1953, chap. 51, par. 2.) We held that the evidence was rightly excluded, since if the judgment were to be vacated as to Thiele, then it would have to be vacated as to Wolf as well. "The rule has long been established," the opinion stated, "that if a judgment entered as a unit against two or more defendants is so defective as to necessitate its vacation as to one defendant, it must be set aside as to all." (383 Ill. 638, 641.) And in reply to the appellant's contention that section 50 of the Civil Practice Act authorized severance of the judgment, the opinion said "[T]here is no authority in that section which authorizes the setting aside of a unit judgment as to one defendant and permitting it to stand as to another. There is nothing in section 50 or any of the other provisions of the Civil Practice Act to which our attention has been called that permits the separation of a unit judgment in the manner contended for by plaintiff." (383 Ill. 638, 642.) The consequence of this conclusion was that this court, while agreeing that the exclusion of Wolf's testimony was

proper, nevertheless reversed solely because the trial court had not also vacated the judgment against Wolf.

In *Gray* v. *First Nat. Bank,* 388 Ill. 124, the creditor of an estate brought an action against several devisees under the Statute of Frauds (Ill. Rev. Stat. 1953, chap. 59, pars. 10-14,) to enforce liability for a debt of the testatrix by recovering from each of the devisees the value of the real property he received under the will. After the creditor had obtained a money decree against all the defendants, one of them moved to set the decree aside on the ground that she had not been properly served in the action. The motion was denied. On appeal the judgment was reversed on the merits and the case was remanded with directions to vacate the decree as to all the defendants. This disposition of the case was required, the opinion stated, because "the part of the decree which determines the amount due can not be reversed as to Ina Gray Cook and sustained as to the others, for this might have the effect of permitting a judgment to stand against them in excess of the amount allowed by statute." 388 Ill. 124, 130.

In *Brown* v. *Zaubawky,* 388 Ill. 351, the plaintiff brought an action to recover for personal injuries sustained when he fell down a stairway in a building owned in joint tenancy by the two defendants, Joseph and Marciona Zaubawky. After a default judgment against both defendants, each of them made a motion to vacate for lack of service. The trial court vacated the judgment as to Joseph but denied the motion of Marciona, and the Appellate Court affirmed. This court reversed on the authority of *Fredrich* v. *Wolf* and remanded with directions to vacate the judgment against Marciona.

The parties disagree as to the significance of these three cases. The appellee suggests that each of them turned upon special factors not present in the instant case,—the joint warrant of attorney in the *Fredrich case,* the joint tenancy in the *Brown case,* and the nature of the decree in

the *Gray case*. So far as these decisions purport to apply the traditional common-law rule without qualification they are inconsistent with the reasoning behind *Minnis* v. *Friend*. That case, however, is referred to in none of the opinions, and examination of the briefs discloses that in none of them was that case called to the court's attention. *Minnis* v. *Friend* was not overruled, and it was not qualified; apparently it was overlooked.

Upon a full consideration of the problem, we are of the opinion that the question of whether or not a judgment against defendants who are liable jointly, or jointly and severally, is to be treated as a unit should not be determined arbitrarily by rule of thumb, but on the basis of those factors which have to do with the substantive rights of the litigants. Whatever may have been the considerations which prompted the original adoption of the broad common-law rule, we have been unable to discover any which are now relevant. The decisions in this State are devoid of any argument in its favor, and none is suggested by counsel here. We hold, therefore, that when a judgment or decree against two or more defendants is vacated as to one of them, it need not for that reason alone be vacated as to any of the others, and should not be vacated as to any of the others unless it appears that because of an interdependence of the rights of the defendants or because of other special factors it would be prejudicial and inequitable to leave the judgment standing against them. There being no showing of any such circumstances in this case, the Appellate Court properly held that the action of the trial court in vacating the judgment as to all the defendants was erroneous.

The appellants also maintain that the facts alleged in their original motions to vacate constitute proper grounds for setting the judgment aside as to Frank Fara. This contention is without merit. His reliance on the insurance brokers is not a ground for relieving him of the conse-

quence of the brokers' apparent failure to fulfill their undertaking. We are not, of course, concerned here with the rights of Frank Fara, the brokers, or the insurers as among themselves. The sole question is whether, as between Frank Fara and the plaintiff, Fara's failure to appear and make his defense was excusable. We hold that it was not. (See *Wagner* v. *Sulka,* 336 Ill. App. 101; *Bonn* v. *Arth,* 331 Ill. App. 321; cf. *Higgins* v. *Bullock,* 73 Ill. 205.) The judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*