## DIME SAVINGS AND TRUST COMPANY, ADMINISTRATOR, *v.* JONES.

[No. 12,551.    Filed April 28, 1926.]

1. WITNESSES.—The incompetency of a witness may be waived, and is waived by permitting him to testify without objection. p. 511.

2. EXECUTORS AND ADMINISTRATORS.—*Failure to object to incompetency to testify as to transactions with decedent, waived the objection.*—An administrator, by failing to object that claimant against the estate was incompetent under §551 Burns

1926, §521 Burns 1914, to testify to transactions with the decedent, waived the objection. p. 511.

3. WITNESSES.—*How question of incompetency saved.*—The question of the incompetency of a witness must be presented to the trial court, an exception saved to an adverse ruling, and that assigned as a ground for a new trial or it is waived. p. 511.

4. APPEAL.—*Correction of erroneous judgment by remittitur.*— Where the evidence favorable to appellee (a claimant against an estate) showed that the decedent was indebted to claimant in the sum of $2,144.17 only, a judgment for $2,215 will be reversed unless a remittitur of difference is filed. p. 511.

From Allen Circuit Court; *Sol A. Wood,* Judge.

Claim by Howard Jones against the estate of Simon Peters, represented by the Dime Savings and Trust Company, administrator. From a judgment in favor of claimant for an excessive amount, the administrator appeals. *Affirmed conditionally.* By the court in banc.

*William L. Briggs* and *William C. Ryan,* for appellant.

*Henslee & Fuller,* for appellee.

MCMAHAN, J.—Appellee filed a claim against the estate of Simon Peters for board and room. There was a trial by the court which resulted in the claim being allowed in the sum of $2,215.

Appellant contends that the decision of the court is contrary to law and not sustained by sufficient evidence because it is based entirely upon evidence that is prohibited by the statute from being introduced. Appellee was a witness in his own behalf, and, without objection, testified to facts sufficient to warrant a finding in his favor. Section 551 Burns 1926, §498 R. S. 1881, provides: "In suits or proceedings in which an executor or administrator is a party, involving matters which occurred during the lifetime of the decedent, where a judgment or allowance may be made or rendered for or against

the estate represented by such executor or administrator, any person who is a necessary party to the issue or record, whose interest is adverse to such estate, shall not be a competent witness as to such matters against such estate:   *   *   *."

Section 554 Burns 1926, Acts 1883 p. 102, among other things, provides that any party to cases like the present, "shall have the right to call and examine any party adverse to him as a witness, or the court may, in its discretion, require any party to a suit or other person to testify, and any abuse of such discretion shall be reversible [reviewable] on appeal."

Appellee, in the instant case, was not called upon or required by the court to testify. He was called to the witness stand and interrogated by his lawyer, and his testimony is necessary to sustain the decision of the court. In the absence of his testimony, there would not be sufficient evidence for that purpose. Appellant says the statute, §551, *supra,* "stamps the evidence as incompetent for any purpose whether objected to or not. That the statute, itself, has raised the objection to the testimony and when the court based its judgment upon such testimony, there is reversible error." In support of this contention, appellant cites and relies on *Rose & Co.* v. *Brown* (1877), 11 W. Va. 122, where the court held it error to receive in evidence the deposition of a husband who, with his wife, were parties defendants, where the objection was to the competency of the witness, although such objection was made for the first time on appeal. It is to be observed that the witness in that case whose deposition had been read in evidence, was, at common law, incompetent to testify on the ground of public policy. In such cases, the rule of incompetency could not be avoided by consent. "But the objection of interest seems to have been founded, not

on public policy, but merely upon the supposed improbability of the testimony of interested witnesses." *Young* v. *Montgomery* (1903), 161 Ind. 68, 67 N. E. 684.

In this state, all persons, whether parties to or interested in the suit, are competent witnesses in civil actions or proceedings, except as otherwise provided. §549 Burns 1926. The incompetency of a person to testify as a witness because of the provisions of the statute may be waived. In the instant case, no objection was made to appellee testifying. He was subjected to a searching cross-examination by appellant's counsel. His competency to testify was not raised in the trial court and, for that reason, is not properly presented to us for our determination. The question as to the competency of a witness must be presented to the trial court, and an exception must be saved to an adverse ruling and assigned as a ground for a new trial or it will be waived. See *Timmons* v. *Gochenour, Admr.* (1917), 69 Ind. App. 295, 300, 117 N. E. 279; *Jarrett* v. *Ellis* (1923), 193 Ind. 687, 141 N. E. 627.

The contention that the amount of the recovery is too large must, in our judgment, be sustained. The evidence most favorable to appellee is that at the time of the decedent's death in May, 1924, he was indebted to appellee in the sum of $2,138.50. After the death of the decedent, appellee collected and received insurance money belonging to the estate in the sum of $227.33, out of which he paid $151 for the expenses of burying the decedent, leaving a balance of $76.33, which should be deducted from the $2,138.50. This leaves $2,062.17, due appellee at the time he filed his claim, which, with interest to the date of allowance, amounts to $2,144.17. The allowance under the undisputed evidence is excessive in the sum of $70.83.

If appellee will within thirty days file with the clerk of this court a certificate of the clerk of the trial court showing a remittitur of $70.83, as of February 6, 1925, the cause will be affirmed, otherwise it will be reversed. The costs in either event to be taxed against appellee.