Julius Garb, Plaintiff-Appellant, v. Samuel E. Harris, et al., Defendants-Appellees.

Gen. No. 50,498.

First District, Third Division.

September 21, 1967.

Piacenti & Cifelli, of Chicago Heights (Silvio E. Piacenti, John L. Cifelli, James F. Creswell, Richard S. Jemilo, and Joseph R. Pigato, of counsel), for appellant.

Kirkland, Ellis, Hodson, Chaffetz & Masters, of Chicago (William H. Symmes and John M. O'Connor, Jr., of counsel), and Baker, McKenzie & Hightower, of Chicago, for appellees.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

This appeal arises from a suit brought by Julius Garb for injuries allegedly sustained in an automobile accident. Subsequent to the date of the accident Phelan E. Henno, one of the defendants, died from unrelated causes, and

William H. Bassett, Jr., the administrator of his estate, was substituted as a party defendant.

During the trial plaintiff Garb attempted to testify with regard to incidents relating to Henno. The administrator's attorney objected to and moved to strike such testimony on the basis that it was prohibited by section 2 of the Evidence Act, (Ill Rev Stats 1963, c 51, par 2). The trial court sustained the motion and instructed the jury that the testimony of the plaintiff would apply only to the defendant Harris and not to the defendant William H. Bassett, Jr., as administrator of the estate of Phelan Henno.

The ad damnum in the complaint was $15,000.

The trial before a jury resulted in a verdict of not guilty as to Samuel Harris. At the close of the plaintiff's evidence, on motion of the administrator of the estate of Phelan Henno, the court directed a verdict in favor of the administrator. A judgment was entered on the verdict, from which judgment plaintiff appeals.

Plaintiff raises only one point on this appeal, namely: the trial court erred in sustaining the motions of the defendant administrator under section 2 of the Illinois Evidence Act. Section 2 of the Evidence Act reads in part as follows:

> "No party to any civil action, suit or proceedings, or person directly interested in the event thereof, shall be allowed to testify therein of his own motion, or in his own behalf, by virtue of the foregoing section, when any adverse party sues or defends . . . as the executor, *administrator*, heir, legatee or devisee of any deceased person, . . . unless when called as a witness by such adverse party so suing or defending." (Emphasis supplied.)

Plaintiff cites the case of Fredrich v. Wolf, 383 Ill 638, 50 NE2d 755, which held, in effect, that the pur-

pose of section 2 of the Evidence Act is to protect estates of deceased persons against fraudulent claims, in providing that no party to a civil action may testify therein in his own behalf when an adverse party sues or defends as the executor of a deceased person. From that case the plaintiff deduces that the purpose of section 2 of the Illinois Evidence Act is to protect the estate of a deceased person from being depleted. Actually, the intent of Fredrich v. Wolf, supra, as we read it, is that the purpose of section 2 is to protect the estates of deceased persons against the possibility of fraudulent claims by eliminating the testimony of the living claimant and thereby placing the parties in a comparable position. On page 642, in Fredrich v. Wolf, supra, the court said:

"Whether Wolf testified to the facts included in the offer as a witness in his own behalf or when called by plaintiff as an adverse party under section 60, the possibilities of opening the door to fraudulent claims against estates of deceased persons is the same. The intent and purpose of the statute was to protect estates of deceased persons against such possibilities and its purpose should not be defeated by a too restricted application."

The plaintiff argues that the decedent's administrator was represented by the law firm of Baker, McKenzie & Hightower, who are exclusively employed by the American Insurance Company. We find nothing in the record to support the statement that that law firm was exclusively employed by the American Insurance Company. The plaintiff then argues that since the policy of insurance amounts to $15,000 and the amount sued for by the plaintiff does not exceed $15,000, the real party in interest herein is the American Insurance Company. The plaintiff by this argument overlooks the fact that the liability of the insurance company is strictly de-

rivative. Unless a judgment is obtained against the administrator of the estate of Henno there can be no liability against the insurance company.

Section 2 of the Evidence Act has been construed on numerous occasions. In Redden v. Inman, 6 Ill App 55, the court said at page 58:

> "The mischief intended to be prevented by the second section, was that by the first a party to the suit might have an under (sic) and dangerous advantage, and would be under strong temptation to commit perjury if he were allowed to testify in regard to a transaction with the other party since deceased."

In Smith v. Billings, 177 Ill 446, 452, 53 NE 81, the court said:

> "The theory of the general statute, innovating, as it did, so thoroughly upon the rule of the common law, was, that the light should not be excluded because it might come from a possibly interested source, and hence that those persons, the parties who were presumed to know more about the transaction in dispute, should each be allowed to give their own version of the transaction, leaving the jury to judge of their credibility. But in perfect harmony with this general theory, and in the utmost accord with the reason of the law, it was deemed wise to provide that if one could not, by reason of death, give his version neither shall the other. The want of opportunity to assist in the preparation of the cause by the decedent is not the sole ground for excluding the testimony of the survivor, nor by any means the principal ground. The prime reason is found in the inability of the party to oppose his statements,—his testimony,—to that of the surviving adversary, and this has been more than once announced as the reason of the law. (Citing cases.)"

In Van Meter v. Goldfarb, 317 Ill 620, 622, 148 NE 391, the court said:

> "The purpose of sections 1 and 2 of the Evidence act is to emancipate the parties as witnesses. Such statutes were not designed to restrict the admissibility of evidence but were intended to enlarge the competency of witnesses, so that, with the statutory exceptions, all persons might testify in an action. The purpose of the exception in favor of one suing as administrator in statutes removing the incompetency of parties as witnesses is to guard against the temptation to give false testimony in regard to the transaction in question on the part of the surviving party and to put the two parties to a suit upon terms of equality in regard to the opportunity of giving testimony. (4 Jones' Commentaries on Evidence, sec 773.)"

It would appear to be obvious from these cases that sections 1 and 2 of the Evidence Act have been interpreted so as to allow parties in interest the privilege of testifying only on terms of apparent equality. The existence or nonexistence of liability insurance can in no way change this purpose. The duty of the insurance company to indemnify the insured arises only after liability has been established against the insured. The insurance company, while it may owe a duty under its policy to defend the insured, is not directly liable to a third party who may be injured.

Plaintiff argues "that through the evolution of torts law and through the requirements of justice therein to allow this insurance company to take advantage of a right inherent to the personal estate of the decedent herein would be against all concepts of justice and fair play as has evolved in our society." At common law parties and those interested in the subject matter of the litigation were disqualified to testify. The legislature,

by section 1 of the Evidence Act removed the disqualification of parties to litigation and persons interested in the subject matter thereof, and by section 2 of the Evidence Act sought to protect the estates of deceased persons, as well as of incompetents, from the possibility of fraudulent claims being asserted.

In 37 ILP, section 29, we find the following:

> "At common law all persons, whether or not parties to the record, who had an interest in the subject matter in litigation or in the results of the proceeding were disqualified as witnesses as long as that interest existed, . . . ."

> "Evidence Act section 1 changed the common-law rule and, subject to certain exceptions, a party to, or person interested in the event of, a proceeding is not thereby disqualified from testifying therein as a witness."

See cases therein cited.

In 37 ILP, section 41, we find the following:

> "Section 2 of the Act is a limitation on section 1 of the Act, and it has been stated that the purpose of section 2 of the Act is to put both parties on an equal footing, to protect the adverse party, and to protect the estates of deceased persons against fraudulent claims."

See cases therein cited.

The "Dead Man's Act," as section 2 of the Evidence Act is sometimes known, is discussed in the case of Pink v. Dempsey, 350 Ill App 405, 113 NE2d 334. At page 415 the court said:

> "The nature of this case reveals that there is still essential wisdom in the "deadman's" statute. Some sentiment for a repeal of the statute exists because,

undoubtedly, at times injustice or considerable annoyance and difficulty is put upon a claimant against an estate because of the disqualification. How does this disadvantage weigh against the deceit, fraud, perjury and exaggeration temptingly put before a claimant making a case based on personal transactions with a dead man? Should the statute be amended? If so, how and with what restrictions, if any, upon claims based on purely personal transactions? . . . We consider it our duty to give the statute a fair and reasonable meaning and not, by a process of indirect attenuation, repeal or partially repeal it. The legislature, unlike the court, could hear testimony pro and con and could, as a matter of policy, determine whether the statute should be repealed, qualified, or remain as it is. . . ."

The foregoing statement was reaffirmed in Spitzer v. Bradshaw-Praeger & Co., 10 Ill App2d 445, 135 NE2d 114.

■ The plaintiff also argues that his case against the defendant Harris was prejudiced because the trial court erroneously sustained the administrator's motion under section 2 of the Evidence Act and, secondly, plaintiff's case against Harris was prejudiced because the trial court erroneously sustained the administrator's motion for a directed verdict and instructed the jury to that end. We find no basis for either contention. The motions to exclude the testimony of the plaintiff because of section 2 of the Evidence Act were made solely by the attorney for the administrator of the estate of Phelan Henno, and applied only to the administrator. The evidence was not excluded as to Harris. After hearing all of the evidence the jury found for defendant Harris. The plaintiff does not contend, nor does he raise the point in his brief, that the verdict was contrary to the manifest weight of the evidence, therefore, that point is waived and cannot be

argued in this court. Bourne v. Seal, 53 Ill App2d 155, 160, 203 NE2d 12.

■ We conclude that the trial court properly excluded the testimony of the plaintiff insofar as it related to the incidents of the accident with Phelan Henno, deceased, and that the trial court correctly construed section 2 of the Illinois Evidence Act in so doing.

We also conclude that the action of the court in directing a verdict in behalf of the administrator did not prejudice the plaintiff in his case against Harris.

For the foregoing reasons the judgment of the trial court is affirmed.

Affirmed.

SCHWARTZ and DEMPSEY, JJ., concur.