**Esther M. Engstrom, Plaintiff-Appellant, v. Irving Edgar, d/b/a Edgar Funeral Home, Defendant-Appellee.**

Gen. No. 53,407.

First District, Third Division.

June 18, 1970.

Henry A. Gentile, of Blue Island, for appellant.

Baker & McKenzie and Beutler, Blake & Poris, of Chicago (Albert W. Beutler, Francis D. Morrissey, and Thomas R. Nelson, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from a judgment for the defendant entered on a directed verdict at the close of plaintiff's case. The only questions presented to this court relate to the application of section 2 of the Evidence Act, commonly referred to as the Dead Man's Act (Ill Rev Stats, c 51, § 2 (1969)). Plaintiff contends that the trial court erred in its holding that section 2 of the Evidence Act bars the testimony of the plaintiff and her husband as to events which preceded the death of Irving Edgar. This contention is based on the following arguments: (1) that the estate of the deceased would not be affected by an adverse judgment, (2) that the administratrix of the decedent's estate was not defending against plaintiff's claim, and (3) that defendant's testi-

mony, had he lived, would not have been relevant to the occurrence upon which plaintiff's cause of action rests. The facts follow.

On May 25, 1961, the plaintiff allegedly sustained personal injuries when she fell while attempting to sit in a chair provided for visitors at the Edgar Funeral Home. A lawsuit was commenced alleging negligence on the part of the defendant Irving Edgar, owner of the Edgar Funeral Home. On June 13, 1963, the defendant was killed in a plane crash. On May 10, 1968, his death having been duly suggested, the court by agreement of the parties appointed Ruth Edgar, defendant's wife, as administratrix of his estate. When the case came on for trial the plaintiff and her husband were presented as witnesses. The court sustained an objection to their testimony on the ground that it was barred by section 2 of the Evidence Act. No other evidence being presented, a verdict was directed for the defendant. Section 2 of the Evidence Act provides:

> "No party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein of his own motion, or in his own behalf, by virtue of the foregoing section, when any adverse party sues or defends as . . . administrator . . . of any deceased person, . . . ."

■■ Plaintiff contends that the provision hereinbefore set forth does not apply to the facts of the instant case because the suit filed was against the funeral home which "the decedent only happened to own," and was not a suit involving the decedent's estate. To argue that Edgar only happened to own the funeral home is to say no more than that he was the real party in

interest. The defendant in a civil suit must be either a natural or an artificial person. The funeral home was owned by Edgar and the suit must proceed if at all, against Edgar or upon his death, against his personal representative. It is difficult to understand plaintiff's argument that the decedent's estate is not involved in this suit. If plaintiff's claim were established, the estate of Irving Edgar would be liable. A deeper involvement is difficult to imagine. That the estate would not be depleted because an insurer would pay the judgment, as plaintiff orally argued to this court, does not affect the applicability of section 2 of the Evidence Act. Garb v. Harris, 87 Ill App2d 437, 232 NE2d 83.

■■ Plaintiff's second contention is that the Dead Man's Act is not applicable because the administratrix was not defending. This also is difficult to understand. If plaintiff means to imply that an insurer has undertaken the defense, she should say so, but even if properly pressed, it would not be a sound point. Rosengren v. Manufacturers Nat. Bank, 220 Ill App 608, which plaintiff cites in support of her contention was a replevin action in which the executor of the testate decedent was not a party to the litigation. The language of the statute disqualifies adverse parties and interested persons from testifying in their own behalf when the administrator of a deceased person "defends" in that capacity. In the instant case the administratrix was a party to the suit and was defending against plaintiff's claim in her capacity of administratrix. The statute is clearly applicable.

■■ Finally plaintiff contends that the defendant could not have offered relevant testimony on the question of negligence and that, therefore, there is no need to invoke the statute in order to protect his estate

against his inability to relate an alternate version of the incident. What defendant might actually have testified to in response to the allegations in plaintiff's complaint is pure speculation. Considering the many cases in which the statute has been used, it is not at all unlikely that in some instances it has been invoked to disqualify witnesses where, had the adverse party been living, liability would have been admitted. These are contingencies, however, which we must assume the legislature recognized when the act was under consideration. The statutory bar is absolute when an adverse party "sues or defends" in one of the enumerated capacities and there is no leeway provided in which courts may restrict its plain import under the guise of statutory construction. It is our duty to give the statute a fair and reasonable meaning and not, by a process of indirect attenuation, repeal or partially repeal it. Pink v. Dempsey, 350 Ill App 405, 113 NE2d 334. We conclude that plaintiff, as a party, and her husband, as an interested witness adverse to the administratrix, are precluded by statute from testifying to any events which preceded the death of the defendant.

The judgment is affirmed.

Judgment affirmed.

DEMPSEY, P. J. and McNAMARA, J., concur.