RUBY JENKINS *v*. HENRY NACHAND, ADMINISTRATOR DE BONIS NON OF THE ESTATE OF ROSCOE B. STONE, DECEASED.

[No. 1-672A20.  Filed December 27, 1972.]

*David V. Scott,* New Albany, *Alan N. Leibson,* Louisville, Kentucky, for appellant.

Ernest W. Smith, *Fox and Smith,* of Jeffersonville, for appellee.

LOWDERMILK, J.—June 8, 1965, was a warm, sunshiny day, and sometime between 6 o'clock P.M. and 7 o'clock P.M. near Anderson, Indiana, appellee's decedent, Roscoe B. Stone, was driving south on State Highway 9 at about 35 miles per hour, with Mrs. Ruby Jenkins, plaintiff-appellant, and invited guest riding with him.

On the day and hour in question State Highway 9 was a four lane, paved highway running north and south and had a median made of concrete about three feet wide and three inches in the center thereof.

Appellee's decedent, while traveling as aforesaid, at a point about one-half mile south of State Road 67 north, and while driving his automobile on the inside lane immediately next to the median and while having an unobstructed view of the raised median ahead of him, made a quick, sudden turn to his left after his car had swerved slightly. The front end of his car hit the median and bounced up into the air about eight or ten inches, came back down across and to the left of the median, with the point of impact head on with an oncoming car occurring at the time his car came back down to the pavement. The vehicles collided with great force and knocked appellee's decedent's car back and across the highway, turning it partially around.

The collision threw plaintiff-appellant out of the vehicle, inflicting great and permanent injuries to her body, which left her permanently disabled at the age of 54 so that she could no longer work as a saleslady in a department store.

Certain facts were stipulated and in addition thereto plaintiff-appellant was precluded from testifying as to certain facts of the accident. Her testimony was offered by an avowal and had she been permitted to testify she would have stated that

the decedent was operating the automobile with her a passenger in the front seat at a speed of 35 to 40 miles per hour in a southwardly direction on the above described highway. She would have further testified the appellee's decedent started to turn across the median at which time she pleaded with him not to turn because of oncoming traffic; that the decedent started to turn and then refrained from turning and continued to drive on southward, but indicating that he would turn.

She would have further testified, if permitted so to do, that she again requested him not to turn the car and pointed out the oncoming traffic and was told, in effect, by him that he was driving the car and for her to be quiet; that decedent thereafter did turn left across the raised median in the face of fast approaching oncoming traffic and further would have described the contact of the cars as heretofore set out; that decedent did all the things charged despite repeated warnings by the plaintiff-appellant and despite the fact that oncoming traffic was open and obvious.

At the conclusion of plaintiff-appellant's evidence decedent's personal representative filed a motion for an involuntary dismissal and for judgment against plaintiff-appellant, which was granted under Rule TR. 41(B) and judgment entered thereon against the plaintiff-appellant.

Plaintiff-appellant timely filed her motion to correct errors, which is in the words and figures as follows, to-wit:

"Plaintiff moves the Court pursuant to Trial Rule 59, of the Indiana Rules of Procedure, to correct errors and to set aside the judgment entered herein on November 18th, 1971, on the following grounds:

"1. The trial court erred in refusing to take judicial notice of its own official records and docket with regard to the following particulars:

"(a) Opening, probation of, and closing of the estate of the decedent, Roscoe B. Stone, Estate Docket Number 65-P-142, Clark Circuit Court.

"(b) The reopening of said decedent's estate and the appointment of an administrator to allow institution of this litigation, Estate Docket Number 65-P-142, Clark Circuit Court.

"(c) That as a result of the opening, probation of and closing of said decedent's estate there was no property, real or personal, existing in decedent's estate at the time of the trial of this action.

"2. The court erred in refusing to allow the plaintiff to testify concerning events leading up to the occurrence of the collision for the following reasons:

"(a) The so called 'Dead Man Statute' does not bar such testimony.

"(b) The communication with and observations of the deceased were not transactions or 'matters' within the meaning of the Dead Man Statute.

"(c) The estate of the decedent was not in jeopardy and could not be reached by judgment in favor of the plaintiff.

"(d) The Dead Man Statute does not apply to an action sounding in tort.

\* \* \*"

The same was by the court overruled; hence, this appeal.

Plaintiff-appellant contends that this is not an action against an "estate" within the meaning of the Dead Man Statute, the same being Burns § 2-1715, which reads, in pertinent part, as follows:

"In suits or proceedings in which an executor or administrator is a party, involving matters which occurred during the lifetime of the decedent, where a judgment or allowance may be made or rendered for or against the estate represented by such executor or administrator; any person who is a necessary party to the issue or record, whose interest is adverse to such estate, shall not be a competent witness as to such matters against such estate: . . ."

Plaintiff-appellant would show that the estate of Stone, deceased, had been previously opened and administered, distributed to the heirs and closed and had presently been reopened by the court appointment of the present defendant-Administrator *de bonis non* (solely for the purpose of bringing this lawsuit to reach said insurance) and that, therefore,

this action is not adverse to the estate, nor will it affect the estate, nor is the estate in jeopardy, and urges further, "In fact, there is no estate in existence. The only assets subject to this law suit are those, to the extent of insurance coverage afforded the decedent, belonging to the insurance carrier which for valid consideration paid issued to the decedent an automobile liability policy."

Plaintiff-appellant seriously urges that the Dead Man Statute does not preclude the plaintiff from testifying as to matters relating to the collision occurring during the lifetime of the decedent where, in fact, a judgment will not go against the estate or be adverse to the estate, but would be rendered against the Administrator in name only to reach the insurance coverage afforded the decedent's Administrator.

The plaintiff-appellant urges that the automobile liability insurance policy is considered to be two-fold in its purpose:

"(1) A third party beneficiary contract between the insured and the company for the protection of persons injured by the negligence of the insured, and (2) a first-party insurance contract for the protection of the insured on claims against the insured arising out of the operation of an automobile."

And, therefore, decedent's estate or heirs would not or could not have any right, title or interest in the decedent's said automobile liability policy and that such coverage could not be considered as part of decedent's estate in that an "estate" is that which one can sell or dispose of at his leisure or pass on to another.

Plaintiff-appellant further contends that under the Dead Man Statute three things must concur in order to preclude the testimony of the surviving adversely interested party:

"'(1) The transaction, or the subject *matter* thereof, must be in some way directly involved in the action or proceeding and it must appear that one of the parties to the transaction about to be proved is dead. (2) The rights of the deceased party must have passed either by his own act or that of the law, to another, who represents him in the

action or proceeding in the character of executor or administrator or in some other manner in which he is authorized to bind the estate. (3) It must appear that the allowance to be made, or the judgment to be rendered, may either directly or indirectly affect the estate of the decedent.

\* \* \*

" 'To render a witness incompetent under the statute, it must be a case in which a judgment or allowance may be made or rendered for or against the estate by such executor or administrator. Accordingly, the statute is inapplicable where the object of the suit or action is not to obtain a judgment for or against the estate, as in the case of a statutory action for wrongful death.' *Indiana Law Encyclopedia*, Witnesses, Section 42, page 28, 31, 32. (emphasis ours)"

Plaintiff-appellant contends that she is competent to testify under the holding in the case of *Louisville, N.A.&C. Ry. Company* v. *Thompson* (1886), 107 Ind. 442, 8 N.E. 18, wherein the court stated:

". . . we are prepared to go further and hold that she (widow) was a competent witness, for the Statute does not apply to cases of tort resulting in the death of the husband. . . ."

The ruling in *Louisville, N.A.&C. Ry.*, as it applies to torts was overruled by Ind. Ann. Stat. § 7-801 (Burns, 1971 Supp.), which provides as follows:

"7-801. Limitations on filing claims—Statutes of limitation—Claims barred when no administration commenced —Liens not affected—Tort claims against estate.— (a) All claims against a decedent's estate other than expenses of administration and claims of the United States, and of the state and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, shall be forever barred against the estate, the personal representative, the heirs, devisees and legatees of the decedent, unless filed with the court in which such estate is being administered within six [6] months after the date of the first published notice to creditors.

"(b) No claim shall be allowed which was barred by any statute of limitations at the time of decedent's death.

"(c) No claim shall be barred by the statute of limitations which was not barred thereby at the time of the decedent's death, if the claim shall be filed within six [6] months after the date of the first published notice to creditors.

"(d) All claims barrable under the provisions of subsection (a) hereof shall, in any event, be barred if administration of the estate is not commenced within one [1] year after the death of the decedent.

"(e) Nothing in this section shall affect or prevent any action or proceeding to enforce any mortgage, pledge or other lien upon property of the estate.

"(f) *Nothing in this section shall affect or prevent the enforcement of a claim arising out of tort against the estate of a deceased tort-feasor within the period of the statute of limitations provided for such tort action and for the purpose of enforcing such a tort claim the estate of the tortfeasor may be opened or reopened and suit filed against the special representative of the estate within the period of the statute of limitations of such torts:* Provided, however, That any recovery against the tortfeasor's estate shall not affect the distribution of the assets of the estate to the heirs, legatees, or devisees of the decedent tortfeasor unless such suit was filed within the time allowed for filing claims against the estate. The rules of pleading and procedure in such cases shall be the same as apply in ordinary civil actions." (Our emphasis.)

In *Slater* v. *Stoffel* (1966), 140 Ind. App. 131, 221 N.E.2d 688, there was a disparity of citizenship and an action was brought in the Federal Court in Illinois shortly after the defendant-decedent's death by a complaint and summons. The case was ultimately thrown out of the Federal Courts for the reason the claim had not been filed against the decedent's estate within six months, pursuant to Burns § 7-801 and § 7-802.

After the expiration of six months from the first publication of notice of decedent's estate but before the expiration of two years from the date of the fatal wreck, suit was commenced in the Huntington Circuit Court by complaint and

summons. There were two suits combined and demurrers were sustained to the complaints. Appellants refused to plead further and the motion for new trial was overruled.

This court said:

"The question presented is one of first impression in Indiana. The question is whether the claimant, suing in tort, may bring an action by complaint and summons against a deceased tort-feasor's estate under Burns' Indiana Statutes § 7-801 (f) instead of filing a claim against the estate within six months after first published notice to creditors; and if such a proceeding is allowed under Burns' Indiana Statutes § 7-801 (f), then may the provisions of § 7-801 (f) be applied retroactively in the instant case to provide relief to the claimant."

The opinion set out Burns § 7-801, as we have heretofore done and termed sub-section (a) as a "non-claim statute." The court, speaking further, said:

". . . Subsection (f) provides in substance that a tort action may be brought for such tort, provided recovery against the tort-feasor's estate does not affect the distribtuion of the assets. The distribution may be disturbed if the suit was brought within the time allowed for the filing of claims against an estate as the appellants have done in the present case. Burns' Indiana Statutes, Section 7-801 (f)."

This court further said that the appellants cause of action was preserved or allowed to survive the death of the appellees by Burns § 2403, as the action arose on June 6, 1959. And, further, the court, referring to Burns § 2-602, which is the Statute of Limitations, quoted:

" 'First. For injuries to person or character, . . ., within two (2) years.' "

and further stated the appellants cause of action was limited only by the above two year statute of limitations.

This court further said that our General Assembly in amending § 7-801 by adding sub-section (f) thereto intended to remove from the enforcement of tort claims the condition

precedent requiring the filing of such claims within six months after notice to creditors.

See, also, *Staple* v. *Richardson* (1966), 139 Ind. App. 20, 212 N.E.2d 904.

Appellant has cited many cases from many jurisdictions as authority for plaintiff-appellant to testify in violation of the Indiana Dead Man Statute. However, we are of the opinion that our statute is most singular and the citations are not applicable and the Indiana construction as we have heretofore related and will further relate in this opinion is the proper construction of our statute.

Plaintiff-appellant contends that the collision or incidents connected therewith are not "matters" or "incidents" within the meaning of the Dead Man Statute and cites numerous cases thereon.

Indiana has determined that a witness is not competent to testify as to transactions that occurred prior to the death of the decedent under the statutes of this State.

In *In re Sutherland's Estate* (1965), 246 Ind. 234, at p. 240, the court said:

"Testimony of the appellee as to 'any matter' which occurred prior to the death of the decedent is excluded under this statute. This includes transactions or actions as well as conversations."

We are of the opinion that the testimony plaintiff-appellant did offer by an avowal, as hereinabove set out, are "matters" or "incidents" within the meaning and terms of the Dead Man Statute.

The aforementioned contentions of the plaintiff-appellant that three things must concur to preclude testimony is the law. As stated above, the testimony was to certain matters and one of the parties to the transaction is deceased. We note from the caption of this cause that this is a case against the estate. Further, the estate is being represented by an Ad-

ministrator *de bonis non;* which is the only legal manner in which the action could have been filed at the time it was filed. However, under Burns § 7-801 (1971 Supp.) a recovery by the plaintiff-appellant against the tort feasor's estate *cannot* affect the distribution of the assets of the estate to the heirs, legatees or devisees of the decedent tort feasor for two reasons, namely: there was no claim filed against the estate within six months of the first publication of notice and secondly, the estate had been fully administered, distribution made, and the estate finally closed before the suit was filed.

The suit at bar, or any subsequent trial thereof, if there be one, shall be tried under the rules of pleading and procedure which apply in ordinary civil actions. Burns § 7-801, *supra.*

We have heretofore determined that the third element necessary to make the Dead Man Statute apply in this case which is "It must appear that the allowance to be made, or the judgment to be rendered, may either directly or indirectly affect the estate of the decedent" has not been and cannot be met and we now hold that the trial court erred in its refusal to permit the plaintiff-appellant to testify.

It is our opinion that the General Assembly in enacting the Dead Man Statute for the protection of the assets of an estate and to prevent fraudulent claims did not intend for that statute to prevent testimony that could not, in any way, affect the estate assets.

It is our further opinion that to refuse the plaintiff-appellant the right to testify in the case at bar would be incongruous with the design and intent of Burns § 7-801, *supra,* and also with the Dead Man Statute, *supra.*

Having determined the refusal to permit plaintiff-appellant to testify is reversible error, we are not required to and will not pass on any other claimed errors.

This cause reversed and remanded for a new trial.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 290 N.E.2d 763.