CHARLES T. CRAWFORD, WILLIAM T. CRAWFORD, CO-EXECUTORS OF THE ESTATE OF HENRY CRAWFORD, DECEASED *v.* WILLIAM C. WELLS.

[No. 1-1274A191. Filed March 31, 1976. Rehearing denied May 6, 1976. Transfer denied September 14, 1976.]

*Robert W. Davis, William H. Davis, Davis, Davis & Layson,* of Corydon, *Basil H. Lorch, Jr., Lorch & Lorch,* of New Albany, for appellants.

*James D. Allen, David Allen, Allen & Thompson,* of Salem, for appellee.

LYBROOK, J.—Defendants-appellants Charles and William Crawford appeal from the entry of judgment on a jury verdict of $20,000 in favor of plaintiff-appellee William C. Wells in an action to recover damages for personal injuries sustained as the result of a vehicle collision between plaintiff and defendants' decedent. Defendants admitted liability, and the cause was tried solely on the issue of damages.

The following issues are presented for review:

(1) Whether the verdict of the jury is excessive.

(2) Whether defendants were entitled to a new trial on the ground of newly discovered evidence.

(3) Whether certain instructions on the measure of damages were erroneously given.

We decide each of the above propositions in the negative and affirm the judgment of the trial court.

I.

Defendants first argue that the verdict of $20,000 is excessive. We conclude that the evidence most favorable to the appellee on the issue of damages is sufficient to support the jury's verdict. Accordingly, defendants' contention must be rejected.

Plaintiff was born July 21, 1929, and had an eighth grade education. His employment history to December 1, 1971, the date of the collision, consisted of the performance of manual labor for a number of employers. He had never suffered an industrial accident or lost work time due to accident.

Plaintiff sustained a lacerated knee in the collision and shortly thereafter experienced severe headache. He was treated by his personal physician that day for the knee injury. Upon experiencing headache and pain in the neck, back and leg the following morning, plaintiff again visited his physician and received pain medication. Due to continuing pain, plaintiff was unable to return to work until May, 1972. Plaintiff testified that he continually experienced pain while performing his work, and fellow employees often had to cover for him. Due to his inability to adequately perform his work duties, Plaintiff was given a one year unpaid leave of absence by his employer in January, 1973. Due to lack of improvement in his condition, plaintiff was unable to return to work following the leave of absence and lost his job. At trial, plaintiff testified that his condition had worsened since the accident and that he was experiencing headache and severe pain in his neck, back and leg.

The physician who treated plaintiff continually from the time of the accident to trial testified that as a result of the accident plaintiff had sustained muscle strain, whiplash injuries and possible injury to the cervical spine, and that

plaintiff had developed an arthritic condition which in his opinion possibly resulted from the accident. He further testified that in his opinion, plaintiff had reached maximum recovery and that the type of employment in which he had been engaged would adversely affect his condition.

An orthopedic physician who examined and treated plaintiff on three occasions approximately one and one-half years following the collision testified that in his opinion, the accident caused a non-symptomatic arthritic condition to degenerate into a disability reality and become symptomatic. He did not expect plaintiff's condition to improve quickly.

Defendants' expert, an orthopedic physician, after examining plaintiff stated that in his opinion, excessive work would cause plaintiff's discomfort. He further found that plaintiff was cooperative and, in his opinion, was not a malingerer.

Defendants' contention that there was no evidence of impairment of plaintiff's earning capacity wholly lacks merit. Plaintiff's evidence clearly demonstrates an inability to engage in his vocation due to injuries sustained as a result of the collision. See, *Scott* v. *Nabours* (1973), 156 Ind. App. 317, 296 N.E.2d 438; *Cooper* v. *High* (1974), 262 Ind. 405, 317 N.E.2d 177.

Defendants further fail to recognize in their argument that the jury was entitled to consider plaintiff's pain and suffering as an element of damages in arriving at their verdict.

In conclusion, defendants have wholly failed to demonstrate that the assessment of damages of $20,000 in plaintiff's favor is clearly unwarranted in amount or so excessive at first blush as to indicate that it was motivated by prejudice, passion, partiality or corruption. *State* v. *Daley* (1972), 153 Ind. App. 330, 287 N.E.2d 552; *Richmond Gas Corporation* v. *Reeves* (1973), 158 Ind. App. 338, 302 N.E.2d 795; *State* v. *Collier* (1975), 165 Ind. App. 239, 331 N.E.2d 784.

## II.

Defendants next maintain that the court erred in failing to grant a new trial on the ground of newly discovered evidence.

Following trial, plaintiff filed a claim against the estate of defendants' decedent for the purpose of satisfaction of that portion of the judgment in excess of policy limits of the deceased tortfeasor's liability insurance coverage. It is this act of filing a claim against the tortfeasor's estate which defendants assert as newly discovered evidence entitling them to a new trial. In support of their contention, defendants argue that plaintiff's act of testifying at trial in alleged contravention of IC 1971, 34-1-14-6 (Burns Code Ed.),[1] more commonly known as the Dead Man's Statute, constituted an election to proceed solely against the liability insurance proceeds and that plaintiff's act of filing a claim against the estate of defendants' decedent for the full amount of the judgment had the effect of rendering plaintiff's trial testimony incompetent.

Defendants' attempt to draw support for their position from *Jenkins* v. *Nachand* (1972), 154 Ind. App. 672, 290 N.E.2d 763. That decision is said to embody a party's right to testify in apparent contravention of the Dead Man's Statute, and thereby elect to waive proceeding against the assets of the decedent's estate, in any case where a claim is not filed against the estate prior to trial.

---

1. "When an executor or administrator is party—Exceptions.—In suits or proceedings in which an executor or administrator is a party, involving matters which occurred during the lifetime of the decedent, where a judgment or allowance may be made or rendered for or against the estate represented by such executor or administrator; any person who is a necessary party to the issue or record, whose interest is adverse to such an estate, shall not be a competent witness as to such matters against such estate: Provided, however, That in cases where a deposition of such decedent has been taken, or he has previously testified as to the matter, and his testimony or deposition can be used as evidence for such executor or administrator, such adverse party shall be a competent witness for himself, but only as to any matters embraced in such deposition or testimony."

In our opinion, defendants have misconstrued the *Jenkins* decision. In that case, any recovery by the plaintiff against the deceased tortfeasor's estate could not have affected distribution of the assets of the estate since no claim had been filed against the estate within the time allowed by law following the first publication of notice to creditors, and the estate had been fully administered, distributed, and closed prior to the filing of the plaintiff's action. Under such circumstances, we held that the plaintiff's testimony was not barred by the Dead Man's Statute. Our decision was not in any respect grounded upon any principle of waiver or election as propounded by defendants in the case at bar.

We reject defendants' contention that plaintiff's act of testifying in his own behalf at trial constituted either an election to seek satisfaction of his claim solely against the decedent's insurance proceeds or a waiver of any right to seek satisfaction of an excess judgment by filing a claim against the decedent's estate. Plaintiff's complaint clearly sought judgment in excess of the policy limits of decedent's liability insurance coverage, and the record fails to demonstrate any agreement by plaintiff to limit the recovery sought to the amount of the coverage. Further, pursuant to Ind. Rules of Procedure, Trial Rule 25 (E), plaintiff was not required to file a claim against the decedent's estate at the time of the substitution of defendants, decedent's coexecutors, as parties. Under such circumstances, defendants should have been aware that any judgment rendered might affect the assets of the tortfeasor's estate. Accordingly, any objection to plaintiff's competency as a witness pursuant to IC 1971, 34-1-14-6, *supra,* was available to defendants at the time his testimony was offered. In the absence of timely objection, any question of plaintiff's competency must be deemed waived. *Dime Savings and Trust Co.* v. *Jones* (1926), 84 Ind. App. 508, 151 N.E. 701.

We therefore conclude that the court did not err in failing

to grant defendants a new trial on the ground of newly discovered evidence.

## III.

Finally defendants argue that the trial court erred in giving Plaintiff's Instruction No. 1 and Court's Instruction No. 1. We observe that only three instructions appear in the record before us and there is no indication whether other instructions were given and no markings to indicate that the instructions complained of were given. For this court to properly review the questioned instructions, it is necessary that *all* the instructions be made part of the record, which was not done in this case. See, Bobbitt's Revision of Works' Indiana Practice, Vol. 4, Section 64.30, page 89 and cases cited therein. After the trial court indicates the instructions given, refused and tendered, same should be filed in open court and become part of the record. Ind. Rules of Procedure, Trial Rule 51(C). We cannot hold that the jury was erroneously instructed from the incomplete record before us.

Judgment affirmed.

Robertson, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 344 N.E.2d 869.