[No. 34363-7-I.   Division One.   May 15, 1995.]

HAROLD P. HOFSVANG, ET AL., *Respondents*, v. THE ESTATE OF ROBERT E. BROOKE, SYLVIA E. BROOKE, *as Personal Representative, Appellant.*

*Stephania Camp Denton* and *Michael B. King, Lane, Powell, Spears, Lubersky*, for appellant.

*Andrew Gala* and *Vincent T. Lombardi*, for respondents.

*Washington Defense Trial Lawyers, Russell C. Love*, amicus curiae.

AGID, J. — The Estate of Robert E. Brooke (Estate) appeals the trial court's ruling that RCW 5.60.030, the statute prohibiting testimony regarding transactions with decedents (the statute), does not apply when the estate is covered by liability insurance. We hold that Washington law does not provide for an "insurance exception" to the statute. Because we conclude that the Hofsvangs cannot make a prima facie case without the prohibited testimony, we reverse and remand with instructions to grant summary judgment for the Estate.

## FACTS

Attorney Robert Brooke performed legal services for the

Hofsvangs. The parties dispute whether he represented Roberta Hofsvang when she transferred her shares in a restaurant she owned with her nephew, Darrell Champine. Champine defaulted on a note to the original owners of the restaurant, the Goodlunds, who then sued the Hofsvangs to recover the balance due and foreclose a deed of trust to the Hofsvang home. Brooke passed away in the interim.. The Hofsvangs agreed to settle the Goodlunds' claim against them for $108,500. They then filed an attorney malpractice suit against Brooke's estate and his widow Sylvia Brooke as personal representative of the estate, claiming that Brooke had inadequately represented them in the stock transfer.

The Estate moved for summary judgment, contending the statute, RCW 5.60.030, prevented Roberta Hofsvang from testifying that Brooke represented her in the transaction with the Goodlunds, and that without such testimony she could not make a prima facie case. The Hofsvangs filed a cross-motion for partial summary judgment, seeking an order declaring that the existence of liability insurance rendered the statute inapplicable. The Hofsvangs also submitted the declaration of Darrell Champine. Champine claimed to have spoken to Brooke. Champine declared Brooke indicated that he represented the Hofsvangs and had been retained to obtain a release of the Hofsvangs' obligations to the Goodlunds. The Estate moved to strike Champine's declaration on grounds of hearsay and lack of personal knowledge, and the court granted the motion. The court also granted the Hofsvangs' cross-motion and denied the Estate's motion for summary judgment.

The Estate filed a motion for discretionary review, and asked the trial court to stay proceedings. The trial court granted a stay. The Estate's attorney belatedly discovered that the estate was still open, a fact distinguishing the leading case upon which the Hofsvangs relied. The Estate moved for reconsideration of the entire trial court summary judgment order. The court denied reconsideration

on the ground that the proceedings were stayed. A commissioner of this court granted discretionary review, and a motion to modify was denied.

## DISCUSSION

The primary issue is whether Washington law contains an insurance exception to the statute. RCW 5.60.030, provides:

[I]n an action or proceeding where the adverse party sues or defends as executor, administrator or legal representative of any deceased person, . . . then a party in interest or to the record, shall not be admitted to testify in his or her own behalf as to any transaction had by him or her with, or any statement made to him or her, or in his or her presence, by any such deceased . . . person . . ..

■ The purpose of the statute is to prevent self-serving testimony regarding transactions or conversations with the deceased because the dead cannot rebut unfavorable testimony. *Erickson v. Kerr*, 125 Wn.2d 183, 187, 883 P.2d 313 (1994); *see, e.g., Thompson v. Henderson*, 22 Wn. App. 373, 379-80, 591 P.2d 784 (1979).

■ The four essential elements of a professional malpractice case are: (1) the existence of an attorney-client relationship which gives rise to a duty of care on the part of the attorney; (2) an act or omission by the attorney in breach of that duty; (3) damage to the client; and (4) proximate causation between the attorney's breach and the damage incurred. *Hizey v. Carpenter*, 119 Wn.2d 251, 260, 830 P.2d 646 (1992). In order to prove the first two elements, the Hofsvangs must establish that they retained Brooke to release them from their obligations to the Goodlunds and that he failed to do so.

Under the plain language of the statute, Roberta Hofsvang's testimony regarding the nature of her instructions to Brooke is inadmissible. The Hofsvangs contend, however, that the statute is inapplicable when a defendant estate has liability insurance because the estate is not put at risk. No Washington cases have addressed the "insur-

ance exception" to the statute, and relatively few jurisdictions have examined the issue.[1]

The Estate cites three cases from other jurisdictions that hold that the existence of liability insurance has no impact on the operation of the statute. *Hutcheson v. Estate of Se'Christ*, 459 S.W.2d 495 (Tex. Civ. App. 1970); *Garb v. Harris*, 87 Ill. App. 2d 437, 232 N.E.2d 83 (1967); and *Lyons v. Estate of Bodek*, 393 Pa. 131, 142 A.2d 199 (1958). The first two involved actions by a passenger in an auto accident against the decedent driver; the third was a slip-and-fall case brought by a tenant against a deceased landowner. In each case, the plaintiff argued that the statute did not apply since any recovery would be paid by the insurer and the estate would not be depleted. The courts in all three cases disagreed and barred testimony by the plaintiff as to conversations with the deceased. According to the Illinois court, that state's statute has been interpreted

> to allow parties in interest the privilege of testifying only on terms of apparent equality. The existence or nonexistence of liability insurance can in no way change this purpose. The duty of the insurance company to indemnify the insured arises only after liability has been established against the insured. The insurance company, while it may owe a duty under its policy to defend the insured, is not directly liable to a third party who may be injured.

*Garb*, 232 N.E.2d at 86.

The Hofsvangs cite one case where the court allowed a guest passenger to testify about a precrash conversation with the deceased auto driver. *Jenkins v. Nachand*, 154 Ind. App. 672, 290 N.E.2d 763 (1972). The Indiana statute prohibits testimony adverse to the estate by a party to the

---

[1]The Hofsvangs cite cases which discuss the statute in regard to insurance. However, the vast majority of these cases involve competing claims to life insurance proceeds. The insurance companies deposit the proceeds with the court and interplead the various claimants to force the court to settle the dispute. The statute does not apply in those cases because the assets of the estate are not at issue and the representative of the estate is typically not a party. *See, e.g., Aetna Life Ins. Co. v. Boober*, 56 Wn. App. 567, 784 P.2d 186 (1990). Therefore, these cases are not applicable here.

action "where a judgment or allowance may be made or rendered for or against the estate". *Jenkins*, 290 N.E.2d at 765 (quoting IC 1971, 34-1-14-6). The court found that a recovery could not affect the distribution of estate assets for two reasons. First, there was no claim filed against the estate within six months as required by Indiana law, and second, the estate had been fully administered and closed before the suit was filed.[2] Therefore, the statute did not apply, and plaintiff was free to offer testimony as to conversations with the deceased. *Jenkins*, 290 N.E.2d at 769.

*Jenkins* is legally and factually distinguishable. Legally, the Indiana statute is more limited than Washington's. Indiana only bars testimony where a judgment against an estate would result, while Washington proscribes testimony in *all* proceedings in which the decedent's representative is a party. *Compare* IC 1971, 34-1-14-6 *with* RCW 5.06.030. The factual distinctions between this case and *Jenkins* are even more persuasive because the estate in *Jenkins* had been distributed and closed. Here, the Estate is open, its assets have not been distributed, and there is no evidence that the insurance coverage exceeds the Hofsvangs' $108,000 claim.[3] It is unclear whether the Hofsvangs' claim will affect the estate. Thus, even under the reasoning of *Jenkins*, the testimony would be inadmissible.

The crux of the Hofsvangs' argument is that the malpractice claim, which is essentially against the liability insurer rather than the estate itself, should not trigger

---

[2]To permit the suit by Jenkins, the court had reopened the estate and appointed an administrator solely for the purpose of the lawsuit to reach the insurance proceeds. *Jenkins*, 290 N.E.2d at 765.

[3]The Estate status, offered in Sylvia Brooke's declaration, was not raised until reconsideration was sought. The Hofsvangs moved this court to strike Sylvia Brooke's declaration as it was not part of the evidence admitted below, citing RAP 9.12. RAP 9.12 provides that, on review of an order of summary judgment, this court will consider only evidence and issues "called to the attention of the trial court". Although this evidence was never admitted below, it was called to the attention of the trial court, and thus may be considered on appeal. We deny the motion to strike.

application of the statute. This ignores the true party alignment, whereby a successful claim would produce a judgment against the estate. The Hofsvangs' suit is correctly characterized as a claim against the estate, not the insurer.

The vagaries of the existence and extent of coverage, the timing of actions, and the duty to defend promise a variety of thorny pitfalls for judicial adoption of an "insurance exception" to the statute. The Washington Supreme Court has recently affirmed the policy behind the statute, pointing out that any arguments for change in the statute are properly addressed to the Legislature. *Erickson*, 125 Wn.2d at 189. Therefore, we decline to adopt an "insurance exception" to the statute.

The Hofsvangs argue that Darrell Champine's proposed testimony raises issues of fact making summary judgment inappropriate.[4] The Estate argues that Champine's testimony, which was stricken by the trial court, is also barred by the statute.

The statute bars the testimony of parties "in interest".[5] A party in interest is one who would gain or lose by the action in question. *Wildman v. Taylor*, 46 Wn. App. 546, 549, 731 P.2d 541 (1987) (officer of the bank which had a judgment against the owner of equipment was a party in interest to a lawsuit between the owner and the deceased lessee and therefore barred by the statute from testifying). The Hofsvangs have a current outstanding judgment against Champine, and they now seek to collect those same damages from the Estate. Both parties agree that Champine's potential liability to the Hofsvangs would

---

[4] The Hofsvangs originally argued that the documents found in Brooke's files were sufficient to raise an issue of material fact. At oral argument, counsel conceded that the documents alone were not sufficient to raise an issue of fact and thus we do not address them here.

[5] The statute forbids a party in interest to "testify in his or her own behalf", but does not elaborate. Washington case law seems to assume that if one is a party in interest, he or she is necessarily testifying on his or her own behalf. That is not always the case, but since Champine has an interest in the outcome, and is therefore a party in interest, we need not address whether he would be testifying on his own behalf.

be reduced by any amount recovered by the Estate.[6] Thus, Champine stands to gain by this lawsuit, and he is an interested party under the terms of the statute. His proffered testimony is forbidden by the statute.

The Hofsvangs admit that this appeal turns on whether they can establish the scope of Brooke's duty to Roberta Hofsvang and a breach of that duty. Only Roberta Hofsvang and Brooke were privy to the details of their attorney-client relationship and, consequently, Brooke's duty of care. One is dead and the other prohibited from testifying by the statute. Therefore, the Hofsvangs cannot establish a prima facie case.

We reverse and remand with instructions to enter summary judgment for the Estate.

GROSSE and BECKER, JJ., concur.

---

[6]The Hofsvangs argue that Champine is not an interested party because he is judgment proof, but no evidence in the record supports that assertion. Thus, it need not be considered by this court.